CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
LUIS FAREZ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| PINERY CLEANERS INC. (D/B/A MADISON CLEANERS/CROWN CLEANERS) and WON K. CHO AKA JAMES CHO, | **ECF Case** |
| *Defendants.* |  |

------------------------------------------------------X

Plaintiff Luis Farez ("Plaintiff Farez" or "Mr. Farez"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Pinery Cleaners Inc. (d/b/a Madison Cleaners/Crown Cleaners), ("Defendant Corporation") and Won K. Cho AKA James Cho, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Farez is a former employee of Defendants Pinery Cleaners Inc. (d/b/a Madison Cleaners) and Won K. Cho AKA James Cho.

2.      Defendants owned, operated, or controlled laundromats, located at 240 E 13th St New York, NY 10003 under the name "Madison Cleaners" and located at 13 W 8th St New York, NY 10011 under the name "Crown Cleaners".

3.      Upon information and belief, individual Defendant Won K. Cho AKA James Cho, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Farez was employed as a laundromat attendant at the laundry services located at 240 E 13th St New York, NY 10003 and 13 W 8th St New York, NY 10011.

5.      At all times relevant to this Complaint, Plaintiff Farez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Farez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Farez wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Farez.

9.      Defendants' conduct extended beyond Plaintiff Farez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Farez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Farez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Farez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Farez's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Farez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Luis Farez ("Plaintiff Farez" or "Mr. Farez") is an adult individual residing in Kings County, New York.

16.     Plaintiff Farez was employed by Defendants at Madison Cleaners from approximately 2008 until on or about April 4, 2022.

17.     Plaintiff Farez was employed by Defendants at Crown Cleaners from approximately April 5, 2022 until on or about May 7, 2022.

18.     Plaintiff Farez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 240 E 13th St New York, NY 10003 under the name "Madison Cleaners" and located at 13 W 8th St New York, NY 10011 under the name "Crown Cleaners".

20.     Upon information and belief, Pinery Cleaners Inc. (d/b/a Madison Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 240 E 13th St New York, NY 10003.

21.     Upon information and belief, Pinery Cleaners Inc. (d/b/a Crown Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 13 W 8th St New York, NY 10011.

22.     Defendant Won K. Cho AKA James Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Won K. Cho AKA James Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Won K. Cho AKA James Cho possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Farez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operated laundromats located in the Gramercy Park and Greenwich Village sections of Manhattan in New York City.

24.     Individual Defendant, Won K. Cho AKA James Cho, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Farez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Farez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Farez (and all similarly situated employees) and are Plaintiff Farez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Farez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendant Won K. Cho AKA James Cho operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Farez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Farez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Farez's services.

31.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.    Plaintiff Farez is a former employee of Defendants who was employed as a laundromat attendant.

34.    Plaintiff Farez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Farez*

35.    Plaintiff Farez was employed by Defendants from approximately 2008 until on or about May 7, 2022.

36.    Defendants employed Plaintiff Farez as a laundromat attendant and delivery worker.

37.    Plaintiff Farez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

38.    Plaintiff Farez's work duties required neither discretion nor independent judgment.

39.    Throughout his employment with Defendants, Plaintiff Farez regularly worked in excess of 40 hours per week.

40.    From approximately August 2016 until on or about March 23, 2020, Plaintiff Farez worked from approximately 8:00 a.m. until on or about 7:00 p.m., 6 days a week (typically 66 hours per week).

41.    From approximately May 12, 2020 until on or about June 2020, Plaintiff Farez worked from approximately 9:00 a.m. until on or about 5:00 p.m., 3 days a week (typically 24 hours per week).

42.    From approximately July 2020 until on or about May 2021, Plaintiff Farez worked from approximately 9:00 a.m. until on or about 6:00 p.m., 3 days a week (typically 27 hours per week).

43.     From approximately June 2021 until on or about April 4, 2021, Plaintiff Farez worked from approximately 8:00 a.m. until on or about 6:00 p.m., 4 days a week (typically 40 hours per week).

44.     From approximately April 5, 2022 until on or about May 7, 2022, Plaintiff Farez worked from approximately 8:00 a.m. to 6:00 p.m., 6 days a week (typically 60 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Farez his wages in cash.

46.     From approximately 2016 until on or about December 2016, Defendants paid Plaintiff Farez a fixed salary of $540 per week.

47.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Farez a fixed salary of $560 per week.

48.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Farez a fixed salary of $580 per week.

49.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Farez a fixed salary of $600 per week.

50.     From approximately May 2020 until on or about June 2020, Defendants paid Plaintiff Farez a fixed salary of $280 per week.

51.     From approximately July 2020 until on or about May 2021, Defendants paid Plaintiff Farez a fixed salary of $300 per week.

52.     From approximately June 2021 until on or about April 4, 2022, Defendants paid Plaintiff Farez a fixed salary of $400 per week.

53.     From approximately April 5, 2022 until on or about May 7, 2022, Defendants paid Plaintiff Farez a fixed salary of $600 per week.

54.     Plaintiff Farez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     Defendants took improper and illegal deductions of Plaintiff Farez's wages; specifically, Defendants deducted $100 a week from Plaintiff Farez's weekly wages, totaling $341.20, for incorrectly charging a client's credit card.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Farez regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Farez an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Farez, in English and in Spanish (Plaintiff Farez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Farez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

60.     Plaintiff Farez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.     Defendants' pay practices resulted in Plaintiff Farez not receiving payment for all his hours worked, and resulted in Plaintiff Farez's effective rate of pay falling below the required minimum wage rate.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     Defendants paid Plaintiff Farez his wages in cash.

64.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Farez (and similarly situated individuals) worked, and to avoid paying Plaintiff Farez properly for his full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Farez and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff Farez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Farez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70.      Plaintiff Farez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.     At all relevant times, Plaintiff Farez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

72.     The claims of Plaintiff Farez stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

73.     Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Farez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Farez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     Defendants failed to pay Plaintiff Farez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.     Defendants' failure to pay Plaintiff Farez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Farez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

80.     Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Farez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Farez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Farez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

84.      Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Farez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Farez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

86.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Farez less than the minimum wage.

87.     Defendants' failure to pay Plaintiff Farez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Farez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

89.     Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Farez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Farez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Farez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

93.     Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Farez with a written notice, in English and in Spanish (Plaintiff Farez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Farez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

96.      Plaintiff Farez repeats and realleges all paragraphs above as though fully set forth herein.

97.     With each payment of wages, Defendants failed to provide Plaintiff Farez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff Farez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

99.      Plaintiff Farez repeats and realleges all paragraphs above as though set forth fully herein.

100.    At all relevant times, Defendants were Plaintiff Farez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.   Defendants made unlawful deductions from Plaintiff Farez's wages; specifically, Defendants deducted $100 a week from Plaintiff Farez's weekly wages, totaling $341.20, for incorrectly charging a client's credit card.

102.   The deductions made from Plaintiff Farez's wages were not authorized or required by law.

103.   Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Farez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

104.   Plaintiff Farez was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

105.    Plaintiff Farez repeats and realleges all paragraphs above as though set forth fully herein.

106.   Defendants did not pay Plaintiff Farez on a regular weekly basis, in violation of NYLL §191.

107.   Defendants are liable to Plaintiff Farez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Farez respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Farez and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Farez and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Farez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Farez and the FLSA Class members;

(f)      Awarding Plaintiff Farez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Farez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Farez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Farez;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Farez;

(k)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Farez's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Farez;

(n)     Awarding Plaintiff Farez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o)     Awarding Plaintiff Farez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Farez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Farez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Farez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Farez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 8, 2022

CSM LEGAL, P.C

By:     _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 19 -

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

catalina@csmlegal.com

May 19, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Luis Farez

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     19  de Mayo 2022

*Certified as a minority-owned business in the State of New York*